[PHILADELPHIA, FEBRUARY 20, 1841.]

## HUGG *against* SCOTT.

#### IN ERROR.

1. It is sufficient, if an affidavit of defence under the act of assembly of the 28th of March, 1835, states the defence with ordinary certainty, or certainty to a common intent.

2. To an action on a promissory note drawn by the defendant in favour of the plaintiff, the defendant filed an affidavit of defence, in which he averred that he had a set-off for money received by the plaintiff, which belonged to the defendant, being the proceeds of a piano, the property of the defendant, which came into the plaintiff's possession, and which the plaintiff sent to auction and sold for a certain sum stated, which he had not paid over or accounted for. In a supplementary affidavit the defendant stated, that the piano had been sent to his daughter for safe-keeping, and before B., the husband of the daughter, became insolvent, it was sent to H., and afterwards taken by B. in the name of the plaintiff, who sold it at auction and received the proceeds, though previously informed that it was the property of the defendant. *Held*, that these affidavits were sufficient to prevent a judgment.

ERROR to the District Court of the City and County of Philadelphia, to remove the record of an action on the case, brought in that court by William H. Scott against Henry Hugg, to September Term, 1839.

The plaintiff filed a copy of a promissory note, made by the defendant in favour of the plaintiff, dated the 14th of February, 1839, at six months, for $152 75.

The defendant filed the following affidavit of defence:

"Henry Hugg, the above defendant, on oath says, that there is a defence to the plaintiff's claim in the above suit, of the following nature and character, to wit: the defendant has a set-off against the plaintiff's claim, to the extent of one hundred and eighty-six dollars, for so much money received by the plaintiff, which belonged to the defendant, and with which the defendant claims to charge the plain-

(Hugg *v.* Scott.)

tiff; and asks a judgment in his favour for the balance. The above sum was the proceeds of a piano, the property of the defendant, which came into the plaintiff's possession, and which he, the said plaintiff, sent to auction and sold for the above sum of one hundred and eighty-six dollars ; which the plaintiff has never paid over nor accounted to the defendant for. The said piano cost the defendant $375, but was sacrificed at auction for the above sum of $186."

Afterwards, by leave of the Court, the following supplemental affidavit was filed.

" Henry Hugg, on oath, says, that the piano, the price of which is claimed to be set-off against the plaintiff's demand in the above action, was taken possession of and converted by the plaintiff to his own use, in the following manner :

In 1835, the defendant broke up house-keeping, and having no convenient place in which to store the piano in question, Mrs. Hugg sent it to the defendant's daughter to keep for the defendant, but not as a present or gift, but merely for safe-keeping. In 1837-8, Mr. Robert J. Bell, the husband of the defendant's daughter, took the benefit of the insolvent laws, broke up house-keeping, and sent the defendant's piano to Mr. James Hineman's, where it remained some time. After Mr. Bell's discharge, under the insolvent laws, he transacted business for the above plaintiff as agent, furnished his house, purchasing his furniture in the name of the plaintiff. After he had been keeping house for some time, the above plaintiff claimed the furniture, which had been bought in his name, and sold the same at auction, and among the rest sold the defendant's piano, as mentioned in the defendant's former affidavit. He, the plaintiff, was informed at the time he sold it, that the piano did not belong to Mr. Bell, and was not his, the plaintiff's, and that he had no right to sell it, and was cautioned not to sell it. This warning and caution was given by Mr. Hineman, with whom the piano had been stored, and he informed the defendant. Notwithstanding which, the plaintiff sold it for the price mentioned ; and which price, the defendant claims to set-off in the above suit."

After argument, the District Court gave judgment for the plaintiff for want of a sufficient affidavit of defence.

The defendant then removed the record to this court; and assigned the following errors :

" 1. That the court erred in giving judgment for the plaintiff below, notwithstanding the affidavit of defence and the supplemental affidavit of the defendant.

2. In deciding that neither the affidavit of defence nor the supplemental affidavit, were sufficient to entitle the defendant to a jury trial."

(Hugg *v.* Scott.)

Mr. *Perkins,* for the plaintiff in error.

The act of assembly of the 28th of March, 1835, (*Purd. Dig.* 6th edit. 249, sec. 2,) only requires the affidavit of the defendant to state the nature and character of the defence; not the proof by which it is to be supported. The affidavit in this case contains all that the act requires. It states, (1) that there is a defence; (2) its nature, a set-off; (3) the character of the set-off,—money received by the plaintiff below, which belonged to the defendant. It goes further, and states how the money was received by the plaintiff, to wit, from the sale of the defendant's property,—a piano. If the defendant below could maintain assumpsit for the price of the piano, he can set it off in this suit. The defendant had his election to bring trover for the piano; or assumpsit for the money the plaintiff received for it. *Feltham* v. *Tyrrell,* (*Lofft's Rep.* 207-320.) *Lamine* v. *Dorrell,* (2 *Ld. Raym.* 1216.) *Lindon* v. *Hooper,* (*Cowp.* 419.) 20 *Vin. Abr.* tit. Trespass. *King* v. *Leith,* (2 *Term Rep.* 145.) *Hitchin* v. *Campbell,* (3 *Wils.* 304; 2 *Bla. Rep.* 827, *S. C.*) 1 *Montague,* 476-7. *Lightly* v. *Clouston,* (1 *Taunt.* 112.)

Mr. *Markland,* contra.

The facts show no defence. In an affidavit of defence under the act of assembly, the facts must not be set forth ambiguously or obscurely. It may be admitted, that assumpsit will lie for the proceeds of property tortiously taken. The defalcation act requires, that the parties should have been dealing together upon bill, bond, bargain, &c. The affidavit don't show that the plaintiff had no right to this property. Here the defendant allowed the plaintiff to have a fictitious credit. A debt not due at the commencement of a suit, is no ground of a set-off. *Read* v. *Ingraham,* (3 *Dall.* 505.) *Ballentine on Set-Off,* 37, 68. It does not appear, that the debt was due at the commencement of this suit. *Marshall* v. *Sheridan,* (10 *Serg. & Rawle,* 268.) *Morrison* v. *Morehead,* (15 *Serg. & Rawle,* 63.) *Stewart* v. *The United States Ins. Co.* (9 *Watts,* 126.)

Sergeant, J., delivered the opinion of the Court.

The facts set forth in these affidavits of the defendant, exhibit a *prima facie* defence by way of defalcation from the plaintiff's claim. If they are true, the piano belonged to the defendant and continued his property up to the time when the plaintiff sent it to auction along with the plaintiff's furniture, bought by Bell and in Bell's possession. For although the defendant's leaving it in the possession of another might justify a judgment creditor of Bell in alleging, that the defendant thereby permitted Bell to obtain a fictitious credit, yet as between these parties the ownership of the defendant continued unimpaired, and the plaintiff had no right to sell it; but his doing so after notice, might be treated by the defendant as a sale of it for his

(Hugg *v.* Scott.)

account, which would make the plaintiff liable to him in an action for money had and received. It was therefore a proper subject of defalcation under our act of 1705.

But it is said, that the affidavit does not swear that the piano was sold before suit brought. This is true. But, to construe these affidavits with such critical nicety, and to require them to negative. expressly every possible point that might be objected to, would go near to destroy them altogether, and deprive a defendant of the opportunity of a trial where he had a good defence. It is sufficient, if they state a defence with ordinary certainty—certainty to a common intent. If they substantially assert a defence, that is all that has been required. And here the defendant swears he has a set-off; which could not be legally, if the cause of action arose after suit brought.

> Judgment reversed ; and record remitted for further proceedings.